## FLAJOLE v. GALLAHER.

1. Estates—Alienability.
   The law favors the free alienability of land.

2. Same—Alienability—Restrictions.
   Restrictions on the alienability of land are not generally favored and will not readily be enlarged or extended by construction, even to accomplish what it may be thought the parties would have desired had a situation which later developed been foreseen at time restriction was written.

3. Deeds—Intent.
   The intent of the parties to a deed must, where possible, be drawn from the 4 corners of the instrument.

4. Same—Conditions Subsequent—Ambiguity—Parol Evidence.
   Provision of deed to defendant's predecessor in title that the land was "to be used for the erection of a kiln for drying chicory roots, and if not used for said purpose, then the title to said land shall revert to" the grantor *held*, not so ambiguous as to permit the introduction of parol evidence.

5. Same—Condition Subsequent—Chickory Kiln—Right to Re-Entry.
   Provision of deed that the land was "to be used for the erection of a kiln for drying chicory roots, and if not used for said purpose, then the title to said land shall revert to" the grantor contained a single, plain condition that such a kiln should be erected on the land but was not subject to the construction that such a kiln would have to be used for such purpose into the indefinite future, hence, where kiln erected was destroyed some 35 years later, and not replaced, grantor's sole heir was not entitled to re-enter for condition broken.

References for Points in Headnotes
[4, 5] 19 Am Jur, Estates §§ 80, 83; 33 Am Jur, Life Estates, Remainders, and Reversions § 207 *et seq.*

Appeal from Bay; Louis (David R.), J.   Submitted October 10, 1958.   (Docket No. 34, Calendar No. 47,623.)   Decided December 3, 1958.

Ejectment by Ellen Flajole against James L. Gallaher and Richard Bachelder, copartners doing business as Gallaher and Bachelder, and Consumers Power Company, a Maine corporation, to secure possession of premises deeded upon a condition.   Case dismissed on motion.   Plaintiff appeals.   Affirmed.

*Milton E. Higgs* and *Karl K. Leibrand,* for plaintiff.

*Smith & Brooker (H. P. Graves* and *B. E. Hagen,* of counsel), for defendant Consumers Power Company.

*Bartlett, King & Learman* for defendants Gallaher and Bachelder.

VOELKER, J.   Back in 1911 one John McGuiness sold the property in question to the National Chicory Company, the deed to which contained the following provision:

"It is understood that the land herein described is to be used for the erection of a kiln for drying chicory roots, and if not used for said purpose, then the title to said land shall revert to said first party."

Shortly after purchasing the land the National Chicory Company built such a kiln, which was operated until 1945 when it was accidentally destroyed by fire.   Since that time the kiln has not been rebuilt and the defendants, who are the present owners of the property, concededly have no intention of building or operating any kiln on the premises.   As a result the plaintiff-appellant (the sole heir of John Mc-

Guiness) brought this suit in ejectment, claiming that there had been a violation of the provision quoted above, and that, hence, the title to the property had reverted to her and she was entitled to possession thereof.

Defendants filed a motion to dismiss plaintiff's declaration on the ground, among others, that it failed to state a cause of action. The trial judge granted defendants' motion to dismiss and the plaintiff has appealed his decision.

Plaintiff-appellant claims that the case should not have been dismissed on the pleadings because the above-quoted provision on its face created an ambiguity concerning the intent of the parties, thus giving her the right to present extraneous evidence to show their true intent. Accordingly, the single issue to be discussed in this opinion narrows itself to whether the above-quoted provision is sufficiently unclear concerning the intent of the parties to allow the plaintiff to press her suit and present evidence from outside the deed to support her claim.

It should be noted, as a preface to this discussion, that the law favors the free alienability of land. Restrictions thereon are not generally favored and will not readily be enlarged or extended by construction. See *Putnam* v. *Ernst*, 232 Mich 682.

As phrased in 26 CJS, Deeds, § 163, pp 1102, 1103:

"The court may not limit a restriction in a deed, nor, on the other hand, will a restriction be enlarged or extended by construction or implication beyond the clear meaning of its terms, even to accomplish what it may be thought the parties would have desired had a situation which later developed been foreseen by them at the time when the restriction was written."

In the case before us the original parties clearly said that *a* kiln should be erected. That one was erected and operated for a substantial period of time

is admitted. Had such a kiln not been built the grantor would doubtless have had a right of re-entry for condition broken. The plaintiff-appellant now claims that the instrument is so ambiguous that a second condition could and should be read into it, that is, that the kiln had continuously to be operated and that upon any cessation of such operation the property would revert to the grantor or his heirs. We fail to see any such ambiguity in the deed before us requiring such an interpretation.

We do not hold that there is no possibility of semantic ambiguity in the above-quoted provision. There is, and the unhappy fact is that the possibility of such an ambiguity lurks in almost every written instrument devised by man; it is indeed one of the dilemmas of language; but to hold that this ambiguity is actionable and is thus sufficient to open the door to parol evidence to determine the intent of the parties would be in effect to dissolve the salutary rule that where possible the intent of the parties must be drawn from the 4 corners of the instrument. This we do not intend to do.

The issue in cases of this nature is not whether there is any possible ambiguity, but whether any ambiguity which arguably may exist is, on its face, so palpable and so grave that recourse must be had to explanation lying without the instrument. Stated another way, if one seeks admission of parol evidence to prove the existence of a condition subsequent we think he must point to an ambiguity in the deed that is obvious, not merely a semantic possibility. We hestitate to subscribe to any doctrine that might otherwise leave the title to real property dependent upon the hair-splitting and esoteric distinctions of disputing grammarians occurring many conveyances and years after the fact.

Certainly one of the plain and unambiguous conditions of the deed before us was that a kiln should

be erected on the land. As noted appellant seeks to impose a second and further condition, namely, that, once erected, the kiln had to be used into the indefinite future for the purpose of drying chicory roots—in other words, that there were 2 uses for the land and 2 purposes to be served instead of one. We cannot accept this interpretation and instead think that the use of the words "for drying chicory roots" was merely descriptive of the *kind* of kiln that was to be erected on the land, as distinguished from a charcoal kiln or a brick kiln, say, and further that the fact that one of the key words "purpose" is in the singular rather than plural—as it properly should have been had more than one purpose been intended—lends substance to our conclusion that only one condition was intended.

Had the grantor intended a continuous operation of the kiln as a condition to the grantee's retention of title, we think that in the absence of fraud or overreaching of some kind it is not too much to expect of him that such a condition should clearly have been stated. And those claiming under him gain no larger rights. Yet the grantor did not even bother to mention words of heirship, or any possible assignees, or any other words which might suggest that the parties contemplated a long range continuous operation of the kiln far into the future. All this suggests, perhaps negatively, that the reasonably prompt erection of a kiln for drying chicory roots was the sole condition then envisaged by the parties.

Having found no actionable ambiguity in the quoted provision it is not necessary for us to discuss the other interesting matters presented by the parties, including possible laches or the doctrine of substantial compliance with a condition subsequent.

The decision of the trial court is affirmed.   Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.